IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY | § § § | |
| V. | § § | C.A. NO. 2:22-CV-45 |
| ADRIANA MORALES AS NEXT FRIEND OF A MINOR D.J.M., LAVON BETH MEYER AND LEE ALLEN MEYER INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF LYNDON DEAN MEYER, LIBERTY LANE, LLC, AND OK TRANSPORT, INC., D/B/A OK TRANSPORT | § § § § § § § § § § | |

### PENSKE LOGISTICS LLC'S AND PENSKE TRANSPORTATION MANAGEMENT, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW, Penske Logistics LLC (misnomered as Penske Logistics LLC and misnomered as Penske Logistics, LLC d/b/a Transfreight) and Penske Transportation Management LLC in answer to the First Amended Complaint for Declaratory Relief of Progressive Southeastern Insurance Company ("Progressive" or "Plaintiff") to respectfully show the Court the following:

### FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Penske Logistics LLC and Penske Transportation Management LLC (collectively referred to as the "Penske Defendants") submit that Progressive fails to state an action against any and all of the parties to whom the insurance policy issued to Liberty Lane, LLC ("Liberty Lane") pertains inasmuch as Progressive relies upon the document annexed as an exhibit to its First Amended Complaint ("Plaintiff's Complaint") and such document is not the complete and accurate insurance policy issued to Liberty Lane.

**SECOND DEFENSE**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Penske Defendants submit that Progressive fails to state a claim for which relief can be granted because it fails to articulate accurately the terms and conditions of coverage set forth under the insurance policy issued to Liberty Lane with respect to Liberty Lane and/or Penske Logistics LLC ("Penske Logistics") and Penske Transportation Management LLC ("PTM") and the underlying action, to wit:

- A. Progressive fails to acknowledge that coverage exists under the Auto Coverage Part of the insurance policy issued to Liberty Lane for the allegations set forth against Liberty Lane and/or Penske Logistics and/or PTM in the underlying action; and/or,

- B. Progressive fails to acknowledge that coverage exists under the Commercial General Liability Coverage part of the insurance policy issued to Liberty Lane for the allegations set forth against Liberty Lane and/or Penske Logistics and PTM in the underlying action; and/or,

- C. Progressive fails to acknowledge that coverage exists under the MCS-90 Endorsement to the insurance policy issued to Liberty Lane, but which was not included in the document annexed as an exhibit to the First Amended Complaint, for the allegations set forth against Liberty Lane and/or Penske Logistics and PTM in the underlying action.

**THIRD DEFENSE**

The Penske Defendants answer the allegations contained in Plaintiff's First Amended Complaint ("Plaintiff's Complaint") in correspondingly identified paragraphs as follows:

**1.0**

1.1 Penske Logistics and PTM lack sufficient information or knowledge regarding Plaintiff's place of formation and principal place of business to admit or deny the allegations of paragraph 1.1 of Plaintiff's Complaint.

1.2 Penske Logistics and PTM lack sufficient information or knowledge regarding Adriana Morales to admit or deny the allegations of paragraph 1.2 of Plaintiff's Complaint.

1.3     Penske Logistics and PTM lack sufficient information or knowledge regarding Lavon Bether Meyer to admit or deny the allegations of paragraph 1.3 of Plaintiff's Complaint.

1.4     Penske Logistics and PTM lack sufficient information or knowledge regarding Lee Allen Meyer and the estate of Lyndon Dean Meyer to admit or deny the allegations of paragraph 1.4 of Plaintiff's Complaint.

1.5     Penske Logistics and PTM lack sufficient information or knowledge regarding Liberty Lane LLC to admit or deny the allegations of paragraph 1.5 of Plaintiff's Complaint.

1.6     Penske Logistics and PTM lack sufficient information or knowledge regarding OK Trans, Inc. d/b/a OK Transport to admit or deny the allegations of paragraph 1.6 of Plaintiff's Complaint.

1.7     Penske Logistics and PTM admit the allegations of paragraph 1.7.

1.8     Penske Logistics and PTM deny the allegations of paragraph 1.8 of Plaintiff's Complaint to the extent they refer to "Penske Logistics, LLC d/b/a Transfreight".  Penske Logistics and PTM admit the allegations of paragraph 1.8 regarding Penske Logistics.

**2.0**

2.1     Penske Logistics and PTM lack sufficient information or knowledge regarding the citizenship of each of the other parties herein to admit or deny that diversity jurisdiction exists herein.

2.2     Penske Logistics and PTM admit the allegations of paragraph 2.2 of Plaintiff's Complaint.

2.3     Neither Penske Logistics nor PTM are contesting personal jurisdiction in this matter.  Penske Logistics and PTM admit that, with the exception of Plaintiff, the other parties hereto have appeared in No. Cause No. 2:20-cv-0310 in the United States District Court for the

Southern District of Texas – Corpus Christi Division (the "underlying Lawsuit").  Penske Logistics and PTM lack sufficient information or knowledge regarding the remaining allegation of paragraph 2.3 of Plaintiff's Complaint to admit or deny same.

**3.0**

    3.1    The Penske Defendants admit that Progressive issued an insurance policy to defendant Liberty Lane bearing number 06331721-1 (hereinafter referred to as "insurance policy issued to Liberty Lane") with a stated term of coverage of November 21, 2018, to November 21, 2019.  The Penske Defendants deny that the policy annexed to Plaintiff's Complaint is a true and correct copy of the Liberty Lane policy at issue.  More particularly, Liberty Lane produced a copy of its policy with Progressive in the underlying Lawsuit.  A true and correct copy of the policy as produced by Liberty Lane in the underlying Lawsuit is attached hereto as Exhibit A and is incorporated herein by reference.  Two pages were omitted by Progressive in its submission to the Court.  Those two pages, which include a MCS-90 endorsement, are attached hereto as Exhibit B and are incorporated herein by reference.  Notably, the MCS-90 endorsement is a critical part of the insurance policy and necessary for the Court to resolve the issues contained in this declaratory judgment action because it provides coverage, *inter alia*, to Liberty Lane for the claims made in the underlying action.  The Penske Defendants further state that the meaning of the terms and conditions of the complete insurance policy issued to Liberty Lane and at issue herein are matters of law for this Honorable Court to determine.

    3.2    Penske Logistics and PTM deny the allegations of paragraph 3.2 of Plaintiff's Complaint concerning the coverage provided under the insurance policy issued to Liberty Lane, but admit that the declarations page of the document attached as an exhibit to Plaintiff's Complaint lists "Limited General Liability-Trucking Operations - Limits

$1,000,000/$2,000,000". Further, the Penske Defendants aver that such terms and conditions are matters of law for this Honorable Court to determine.

   3.3 Penske Logistics and PTM admit the allegations of paragraph 3.3 of Plaintiff's Complaint.

   3.4 Penske Logistics and PTM admit the allegations of paragraph 3.4 of Plaintiff's Complaint.

   3.5 Penske Logistics and PTM admit the allegations of paragraph 3.5 of Plaintiff's Complaint.

   3.6 Penske Logistics and PTM admit the allegations of paragraph 3.6 of Plaintiff's Complaint but deny that Satnam Lehal was the sole cause of the collision with Lyndon Dean Meyer.

   3.7 Penske Logistics and PTM deny the allegations of paragraph 3.7 of Plaintiff's Complaint.

   3.8 Penske Logistics and PTM deny the allegations of paragraph 3.8 of Plaintiff's Complaint.

   3.9 Penske Logistics and PTM deny the allegations of paragraph 3.9 of Plaintiff's Complaint.

   3.10 Penske Logistics and PTM admit that Liberty Lane had operating authority from the Federal Motor Carrier Safety Administration to act as a motor carrier and not a freight broker. Penske Logistics and PTM lack sufficient information or knowledge regarding the allegations of paragraph 3.10 of Plaintiff's Complaint regarding equipment owned and/or operated by Liberty Lane to admit or deny same. The Penske Defendants deny the remaining allegations of paragraph 3.10 of Plaintiff's Complaint.

3.11   Penske Logistics and PTM deny the allegations of paragraph 3.11 of Plaintiff's Complaint.

3.12   Penske Logistics and PTM lack sufficient information or knowledge regarding the allegations of paragraph 3.12 of Plaintiff's Complaint to admit or deny same.

3.13   The Penske Defendants admit that the words "2017 Freightliner Tractor" and "2017 Hyundai trailer" as recited in Plaintiff's Complaint do not appear in the document annexed to the Plaintiff's Complaint as an exhibit. The Penske Defendants deny the allegations of paragraph 3.13 of Plaintiff's Complaint concerning the coverage provided under the insurance policy issued to Liberty Lane.  The Penske Defendants deny the remaining allegations, if any, of paragraph 3.13 of Plaintiff's Complaint.

3.14   The Penske Defendants admit that the words "Satnam Leal", as recited in the Plaintiff's Complaint, do not appear in the document annexed to Plaintiff's Complaint as an exhibit.  The Penske Defendants deny the allegations set forth in paragraph 3.14 of Plaintiff's Complaint concerning the coverage provided under the insurance policy issued to Liberty Lane. The Penske Defendants deny the remaining allegations, if any, of paragraph 3.14 of Plaintiff's Complaint.

**4.0**

4.1   Penske Logistics and PTM object to paragraph 4.1 of Plaintiff's Complaint as misleading, incomplete and unverifiable because, *inter alia*, Plaintiff has not produced a true and correct copy of the policy issued to Liberty Lane and at issue herein and because Plaintiff has failed to identify the particular policy provision at issue.  The Penske Defendants admit that the words recited in the paragraph designated "4.1" of Plaintiff's Complaint appear in the insurance policy issued to Liberty Lane; however, the Penske Defendants aver that such terms and conditions

are matters of law for this Honorable Court to resolve and further aver that some of the language recited thereat has been amended thereafter in the insurance policy issued to Liberty Lane.

        4.2        Penske Logistics and PTM object to paragraph 4.2 of Plaintiff's Complaint as misleading and incomplete because, *inter alia*, Plaintiff has not produced a true and correct copy of the policy issued to Liberty Lane and at issue herein and because Plaintiff has failed to identify the particular policy provision at issue. The Penske Defendants admit that the words recited in the paragraph designated "4.2" of Plaintiff's Complaint appear in the insurance policy issued to Liberty Lane; however, the Penske Defendants aver that such terms and conditions are matters of law for this Honorable Court to resolve.

        4.3        Penske Logistics and PTM object to paragraph 4.3 of Plaintiff's Complaint as misleading and incomplete because, *inter alia*, Plaintiff has not produced a true and correct copy of the insurance policy issued to Liberty Lane and at issue herein and because Plaintiff has failed to identify the particular policy provision at issue. The Penske Defendants admit that the words recited in the paragraph designated "4.3" of Plaintiff's Complaint appear in the insurance policy issued to Liberty Lane; however, the Penske Defendants aver that such terms and conditions are matters of law for this Honorable Court to resolve and further aver that some of the language recited thereat has been amended thereafter in the insurance policy issued to Liberty Lane.

        4.4        Penske Logistics and PTM object to paragraph 4.4 of Plaintiff's Complaint as misleading and incomplete as represented to the Court. The Penske Defendants admit that the words recited in the paragraph designated "4.4" appear in the insurance policy issued to Liberty Lane; however, the Penske Defendants aver that such terms and conditions are matters of law for this Honorable Court to resolve and further aver that some of the language recited thereat has been amended thereafter in the insurance policy issued to Liberty Lane.

4.5     The Penske Defendants deny that they seek coverage under the insurance policy issued to Liberty Lane as third-party beneficiaries and aver that there is direct coverage under the insurance policy issued to Liberty Lane for the allegations made against them and Liberty Lane in the underlying action.  (A true and correct copy of PTM's agreement with Liberty Lane, which constitutes an insured contract under the policy issued to Liberty Lane is attached as Exhibit C).

4.6     Penske Logistics and PTM deny the allegations of paragraph 4.6 of Plaintiff's Complaint and aver that the insurance policy issued to Liberty Lane contains language amending the term "insured auto," such that it includes the vehicles alleged to have been involved in the accident in the underlying action.

4.7     Penske Logistics and PTM deny the allegations of paragraph 4.7 of Plaintiff's Complaint and aver that the insurance policy issued to Liberty Lane contains language amending the term "insured auto," such that it includes the vehicles alleged to have been involved in the accident in the underlying action.

4.8     The Penske Defendants deny the allegations of paragraph 4.8 of Plaintiff's Complaint and aver, based upon the allegations set forth in Plaintiff's Complaint that *inter alia*, Satnam Lehal falls within the definition of an insured under the insurance policy issued to Liberty Lane.

4.9     The Penske Defendants deny the allegations of paragraph 4.9 of Plaintiff's Complaint and aver that the import of the terms and conditions of the coverage set forth in the insurance policy issued to Liberty Lane are matters of law for this Honorable Court to resolve.

4.10    The Penske Defendants deny the allegations of paragraph 4.10 of Plaintiff's Complaint and aver that the insurance policy issued to Liberty Lane contains language in the Auto

Coverage part and Commercial Liability part obligating Progressive to defend and indemnify Penske Logistics and PTM as well as Liberty Lane against the claims set forth in the underlying action.

      4.11    The Penske Defendants deny the allegations of paragraph 4.11 of Plaintiff's Complaint.

Penske Logistics and PTM deny that Progressive Southeastern Insurance Company is entitled to any of the relief for which it prays in the last and un-numbered paragraph of Plaintiff's Complaint.

## FOURTH DEFENSE

Progressive's bringing a declaratory judgment action against Liberty Lane/and or Penske Logistics and PTM based upon a document which does not include an entire section of the insurance policy issued to Liberty Lane, the MCS-90 endorsement, is bad faith, particularly because the MCS-90 endorsement provides coverage *inter alia*, to Liberty Lane with respect to the allegations contained in the underlying action.

## FIFTH DEFENSE

The responses and allegations set forth in the above paragraphs establish that Penske Logistics and PTM and Liberty Lane are covered under the insurance policy issued to Liberty Lane and that Penske Logistics and PTM are entitled to a defense and indemnification under the insurance policy issued to Liberty Lane with respect to the allegations set forth in the underlying action. Penske Logistics, PTM and Liberty Lane are thereby entitled to a declaration by this Honorable Court that insurance coverage exists under the insurance policy issued to Liberty Lane to each of them in connection with the allegations set forth in the underlying action; and, an order

that Penske Logistics and PTM are entitled to a defense and indemnification in connection with the allegations set forth in the underlying action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Penske Logistics LLC and Penske Transportation Management LLC, pray that:

- Progressive Southeastern Insurance Company's request for declaratory relief be denied in its entirety;

- coverage under the Progressive Southeastern Insurance Company policy issued to Liberty Lane (a copy of which is attached as Exhibit A to Penske Logistics LLC's and Penske Transportation Management LLC's Answer) be found for the claims made by the plaintiffs in No. Cause No. 2:20-cv-0310 in the United States District Court for the Southern District of Texas – Corpus Christi Division; and,

- Progressive Southeastern Insurance Company be found to owe defense and indemnity to Penske Logistics LLC and Penske Transportation Management LLC pursuant to the terms of Penske Transportation Management LLC's Agreement with Liberty Lane as well as Liberty Lane's policy with Progressive.

Penske Logistics LLC and Penske Transportation Management LLC further pray for all other and further relief to which it may be justly entitled.

Respectfully submitted,

SBSB EASTHAM

*/s/ Robert L. Klawetter*

Robert L. Klawetter
Federal I.D. 2471
State Bar No. 11554700
rklawetter@sbsb-eastham.com
Christina K. Schovajsa
Federal I.D. 25142
State Bar No. 24002910
cschovajsa@sbsb-eastham.com
Schouest, Bamdas, Soshea, BenMaier
    & Eastham PLLC
1001 McKinney Street, Suite 1400
Houston, Texas  77002
Telephone: (713) 225-0905
Facsimile:  (713) 574-2942

*Attorneys for Defendants,*
*Penske Logistics LLC and*
*Penske Transportation Management LLC*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **October 12, 2022**, electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Corpus Christi Division.

*/s/ Robert L. Klawetter*
Robert L. Klawetter